The opinion of the court was delivered, by
Fenner, J.
The relators invoke the exercise of our supervisory jurisdiction to prohibit the Court of Appeals from entertaining an appeal which, it is claimed, is not within the jurisdiction of said court.
The appeal is taken in a suit in which the plaintiff claims a judgment against the defendants for §347.87, and in which the defendants deny said claim, and, assuming the position of plaintiff in re-convention, pray for judgment in their favor for §1768.67.
Both the principal and the reconventional demands are within the jurisdiction of the Court of Appeals.
As we very recently said,'“ It is well settled that the appealable character of the principal and reconventional demands must each be separately established, and that the amounts of both can not be cumulated to bring the amount within our jurisdiction.” Prejean vs. Lecompte, 41 An. 748; see also Colomb vs. McQuaid, 36 An. 370; Smith vs. Ins. Co., 33 An. 1072; Stevenson vs. Whitney, Id., 658.
The rule must be applied in this ease. It can not be varied by the • fact that the decision of both demands depends on the solution of the same question arising under the same contract.
Whatever may have been the measure of the original rights and obligations of the parties to this contract, if they have so dealt with each other that neither can or does claim from the other an amount exceeding §2000, they have necessarily placed their demands outside of our jurisdiction, and within the jurisdiction of the Court of Appeals.
*1086 We have attentively considered the several authorities quoted by-counsel for relators, but find them all to rest on different principles,, and not applicable to this case.
It is therefore ordered that the writs prayed for be denied at relators’ cost.